UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRINITY YACHTS, LLC | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-2587 |
| | * | |
| THOMAS RUTHERFOORD, INC. ET AL | * | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is a Motion to Vacate (Rec. Doc. No. 19) filed by the Defendants. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is denied.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of a contract dispute between Plaintiff Trinity Yachts, LLC, and Defendant Thomas Rutherfoord, Inc. ("Rutherfoord"). According to the Complaint, Plaintiff, a Louisiana company engaged in the business of yacht-building, retained Rutherfoord as an advisor in relation to insurance matters beginning in 2004. Beginning in 2006, Rutherfoord was also retained by Plaintiff as its insurance agent. Plaintiff alleges that, over the course of their dealings between 2006 and 2009, Plaintiff noticed a lack of cost savings on Rutherfoord's behalf. After finding an alternative insurance agent, Plaintiff alleges that it discovered that Rutherfoord had been misleading Plaintiff regarding the amount it collected as commissions, thereby overcharging Plaintiff for its services.

On October 14, 2011, Plaintiff filed suit in this Court. Plaintiff seeks damages for Rutherfoord's alleged failure to properly account for profits and failure to act in the best interest if the principal. Plaintiff has also named as a defendant in this suit Marsh & McLennan Agency,

1

LLC, which has acquired and is successor in interest to Thomas Rutherfoord, Inc.

On November 16, 2011, Defendants filed a Motion to Dismiss for failure to state a claim. Defendants argue that the suit should be dismissed because the statute of limitations on Plaintiff's claims have expired. Plaintiff did not file an opposition to this motion, however on December 29, 2011, the Court received Plaintiff's Notice of Voluntary Dismissal of this action.

Defendants have now filed a Motion to Vacate Plaintiff's Notice of Voluntary Dismissal (Rec. Doc. No. 19). In its motion, Defendants argue that Plaintiff's Notice of Dismissal should be vacated because, although Defendants have filed neither an answer nor a motion for summary judgment, dismissal of the action would result in the Defendants' suffering clear legal prejudice. Defendants explain that if the action is dismissed, it is likely that the Plaintiff will re-file in a jurisdiction where the statute of limitations has not yet expired. Therefore, Defendants argue, if this Court does not vacate the dismissal, Defendants will likely lose a valuable defense. Defendants cite the Fifth Circuit case, *United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003), in support of their contention that this loss of a statute of limitations defense is clear legal prejudice that warrants vacating the Notice of Dismissal.

Plaintiff has filed an opposition to this motion. In its response, Plaintiff argues that this case requires only straightforward application of Rule 41. Therefore, Plaintiff contends, because Defendants have not filed either an answer or a motion for summary judgment, Plaintiff has a right to voluntarily dismiss the suit and re-file as it pleases. For this reason, Plaintiff states, Defendants' motion should be denied.

## II. LAW AND ANALYSIS

Rule 41 of the Federal Rules of Civil Procedure permits plaintiffs to voluntarily dismiss causes of action without prejudice if certain conditions are met. Under Rule 41(a)(1), a plaintiff

2

may dismiss a cause of action without order of the court by either 1) filing a notice of dismissal at any time before service of an answer or motion for summary judgment by a defendant, whichever occurs first, or 2) filing a stipulation of dismissal signed by all parties who have appeared in the action. Fed. R. Civ. Proc. 41(a)(1). If a plaintiff cannot satisfy either of these standards, a plaintiff may voluntarily dismiss a cause of action by seeking an order of the court under Rule 41(a)(2). Under this section, the Court may impose terms and conditions upon the dismissal. Fed. R. Civ. Proc. 41(a)(2).

Rule 41(a)(1) and the case law are clear that a plaintiff may voluntarily dismiss a cause of action without leave of court prior to the filing of an answer or motion for summary judgment. *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977). A plaintiff retains this right even if a defendant has filed a motion to dismiss prior to the plaintiff's motion. *Id.* at 258. Although a motion to dismiss is generally considered a claim-dispositive motion, *Brown v. Navarro*, 887 F.2d 552, 558 n. 8 (5th Cir.1989), a motion to dismiss is not within the pleadings that terminate a plaintiff's right to voluntarily dismiss under Rule 41. *Carter*, 547 F.2d at 259. The Fifth Circuit has stated that a plaintiff's right to withdraw a cause of action is "not cut off by a motion to dismiss." *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979).

As a general rule, motions for voluntary dismissal should be freely granted unless the adverse party will suffer clear legal prejudice other than the mere prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2000); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990). Defendants argue that *United States ex rel. Matthews v. HealthSouth Corp.* illustrates that the Fifth Circuit would recognize clear legal prejudice in this instance. In *Matthews*, the Fifth Circuit addressed whether the date a plaintiff filed a motion for leave to file an amended complaint could be treated as the date the amended

3

complaint was filed, for the purposes of tolling the statute of limitations. The Fifth Circuit discussed the case in relation to the theory that a motion for leave to file could be given legal effect, but only if the result did not prejudice the other party. In that instance, the Fifth Circuit determined that clear legal prejudice existed because giving legal effect to the plaintiff's motion for leave would result in the loss of the defendants' statute of limitations defense.

*Matthews*, however, is not applicable to this case. First of all, the Court is only to determine the existence of "clear legal prejudice" in the case of Rule 41(a)(2) Motion for Voluntary Dismissal, not a Rule 41(a)(1) Notice of Voluntary Dismissal. Because the Plaintiff in this case has met the parameters for Notice of Voluntary Dismissal, the potential for "clear legal prejudice" is irrelevant. When a party files a notice of dismissal under Rule 41(a)(1), only a previously filed answer or motion for summary judgment prevent the Court from giving that Notice its due weight. Therefore, because the Defendants have filed neither an answer nor a motion for summary judgment, the Court must deny Defendants' Motion to Vacate Plaintiff's Notice of Dismissal.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Vacate (Rec. Doc. No. 19) filed by the Defendants is hereby **DENIED**.

New Orleans, Louisiana, this 6th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE